SPIRES v. McELROY et al. (No. 7906.)

(Court of Civil Appeals of Texas. Ft. Worth. March 28, 1914.)

1. APPEAL AND ERROR (§ 1051*)—REVIEW—HARMLESS ERROR.

In an action to recover a commission due a real estate broker, where defendant admitted a telephone conversation with the broker, the admission of evidence of the broker's version of the conversation and his ex parte statement that he was talking to defendant, if erroneous, is harmless.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4161–4170; Dec. Dig. § 1051.*]

2. BROKERS (§ 88*)—COMPENSATION—ACTIONS.

A broker who had effected an exchange of land for defendant, was induced by his false representation that he was not pleased with the land but would take it if the broker would accept half of his commission, to waive the same. *Held* that in an action for the remaining half of the commission the charge need not submit whether it was a fraudulent misrepresentation and whether the broker relied upon it, the action not being one for damages for fraudulent misrepresentations but for a sum due on a contract.

[Ed. Note.—For other cases, see Brokers, Cent. Dig. §§ 121, 123–130; Dec. Dig. § 88.*]

3. TRIAL (§ 192*)—INSTRUCTIONS—WEIGHT OF EVIDENCE.

In an action for an amount due on a contract, where it was liquidated and the parties agreed as to the sum, the charge could assume that any recovery should be for the sum agreed upon.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 432–434; Dec. Dig. § 192.*]

Appeal from Taylor County Court; E. M. Ourshiner, Judge.

Action by W. R. McElroy against G. C. Spires and another. From a judgment for plaintiff, the named defendant appeals. Affirmed.

Eugene De Bogory, of Abilene, for appellant. Scarborough & Hickman, of Abilene, for appellee McElroy.

SPEER, J. This suit was instituted by W. R. McElroy against G. A. McElroy and G. C. Spires to recover the sum of $300 alleged to be due by Spires to defendant McElroy, and by indorsement and guaranty from defendant McElroy to plaintiff, for a balance due on commissions earned by W. E. McElroy in a certain real estate sale or exchange effected by him for defendant Spires.

It was alleged, and the facts tended to show, that defendant G. A. McElroy as agent for defendant Spires effected an exchange of his lands whereby the defendant Spires became indebted to him in the agreed sum of $600. That after said exchange had been effected and the commissions earned, the defendant Spires falsely and fraudulently informed McElroy that he was not altogether pleased with the lands offered him in exchange for his, but that he would nevertheless close the trade and accept the same if he, McElroy, would agree to cut his commissions in half and accept the sum of $300, and that, relying on such representations, and in ignorance of the fact that the trade had in fact been consummated, McElroy accepted the proposition and received the $300. This suit is to recover the balance of the $600 commission. There was a jury trial, resulting in a verdict and judgment for the plaintiff against both defendants, and Spires has appealed.

[1] The first, second, and third assignments of error complain of the court's ruling in admitting testimony as to a telephone conversation between G. A. McElroy and appellant, and as to McElroy's ex parte statement that he was talking to Spires; the objections being that such statements were made out of the presence of appellant. But these assignments are overruled, because it is undisputed that such conversation did occur; appellant himself testifying to it. No possible harm, therefore, could have resulted to appellant.

[2, 3] The main issue in the case was thus submitted to the jury: "Now, if you believe and find from the evidence that at the time

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

said Spires had said conversation over the telephone with said G. A. McElroy, in which conversation said McElroy agreed to reduce his commission to the sum of $300, he, the said Spires, had already closed said land deal as alleged in plaintiff's petition, then you will return your verdict in favor of the plaintiff for the amount sued for; but, on the contrary, if you believe and find from the evidence that at the time said Spires had said conversation over the telephone he, Spires, had not closed said land deal, you will return your verdict for the defendant." Under this assignment the abstract propositions are announced that parties to a contract may vary the same upon sufficient consideration at their pleasure, that such variance of a contract after it is entered into is no ground for relief, provided all parties acquiesce in the same, and that it was a question for the jury whether or not the representations by appellant were fraudulently made, or, if made, were relied on by G. A. McElroy. There is no contention in the case that a new contract upon sufficient consideration was made in lieu of the original contract of employment between appellant and the agent, McElroy. The facts alleged and established by the verdict of the jury show there was no consideration for G. A. McElroy's agreement to release $300 of his commissions which had already been earned. The action is not therefore in the nature of damages for fraud, but is essentially one to recover a balance due on contract. This conclusion also disposes of the fifth and last assignment, to the effect that the court erred in assuming that the amount of appellee's recovery, in the event of a recovery by him, would be the sum of $300. Under the undisputed facts as submitted in both briefs, there remained that sum of the original commissions unpaid, and the sole question of the case was the one submitted to the jury, that is, whether or not at the time McElroy agreed to remit that sum appellant's trade had in fact been closed and the commissions earned.

There is no error in the judgment, and it is affirmed.

CONNER, C. J., not sitting.